JOHN BUSCH, Respondent, v. BROOKLYN EASTERN DISTRICT TERMINAL, INC., Appellant.— Judgment and orders unanimously affirmed, with costs. With the obligations imposed, and the privileges conferred upon the defendant by the Transportation Corporations Law (Article 10-A),* and which are broader than the

---

* Added by Laws of 1911, chap. 778. Since revised by Laws of 1926, chap. 762, into Transportation Corporations Law, art. 8, being now §§ 102, 103, 106, in effect October 1, 1926, but not applicable to this case. (See Laws of 1926, chap. 762, § 4.)— [REP.

facts considered by the United States Supreme Court in determining the status of this defendant ( *U. S.* v. *Brooklyn Eastern District Terminal,* 249 U. S. 296), we find no ground for refusing to apply the ruling in the case cited, which held that the Hours of Service Act* applied to defendant. The Transportation Corporations Law, amongst other things, requires freight terminal companies to " impartially serve all requiring its service within the locality described in its certificate of incorporation," and renders every such corporation " liable as a common carrier " as to all freight, goods or property intrusted to it for any services within the purposes of its incorporation as defined by the act (§ 155). Such corporations are also subject to the supervision, control and regulation of the Public Service Commission " to the same extent as are railroads " (§ 156); and they are also empowered to acquire property by condemnation, which property is declared " to be a public use " (§ 157). We think it was necessary to decide that the defendant was a common carrier by railroad in order to apply to it the Hours of Service Act, as was done by the United States Supreme Court (*supra*). We think it could not be a common carrier within that act and not be a common carrier within the provisions of the Federal Employers' Liability Act.† Our Court of Appeals (*Cott* v. *Erie R. R. Co.,* 231 N. Y. 67, 72) so regarded this defendant and other terminal roads. We are of opinion that the verdict‡ is not against the weight of the credible evidence, nor that it is excessive, as a matter of law. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.